UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENZYME CORPORATION,<br><br>                Plaintiff,<br><br>        v.<br><br>THOMAS DOTTER,<br><br>                Defendant. | CIVIL ACTION No. 18-cv-11940-RGS |

**PLAINTIFF'S OPPOSTION TO DEFENDANT'S EMERGENCY MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY**

Plaintiff Genzyme Corporation ("Genzyme") opposes defendant's emergency motion for leave to conduct expedited discovery (Doc. 8).  Defendant violated Fed. R. Civ. P. 26(d) by purporting to serve interrogatories and document requests on Genzyme without leave of court and now seeks to somehow play that violation to his advantage by arguing that Genzyme will get more time to respond because the documents were "served" prior to his motion.  Further, there is no "emergency" underlying defendant's motion.  Genzyme immediately sought expedited discovery to determine whether and to what extent Mr. Dotter was violating his non-compete agreement—facts that were actively hidden by Mr. Dotter and facts that Genzyme needed to know to determine whether it would be necessary to seek a preliminary injunction.  Those justifications were laid out in Genzyme's motion for expedited discovery and its requests were narrowly tailored to those issues.  (*See* Doc. 6-1.)  By contrast, Mr. Dotter waited nearly two weeks after service of Genzyme's motion to request discovery from Genzyme or any Court, provided nothing more than a tit-for-tat justification to Genzyme for his request for discovery (*see* Def's. Mem, Doc. 9, at Ex. F), tried to place the burden on Genzyme to explain why it should not have to respond to premature discovery on an expedited basis (*see id.*) and proposed

1

requests that are in no way tailored to the narrow issues that would be raised in a preliminary injunction motion.  Contrary to defendant's representations, Genzyme does not contend that discovery should be one-sided, but it does contend that expedited discovery should be limited to what is necessary for the parties to address the issues that might be raised in a motion for preliminary relief.  Defendant has not carried his burden on that point.  Mr. Dotter does not need discovery to learn facts essential to a preliminary injunction motion—he knows where he is working now, what his role is, how he came to be working there, how much overlap there is with his work at Genzyme, what steps he took when leaving Genzyme, what documents and information he had access to at Genzyme, what steps Genzyme took to protect the information he had access to, and what documents and information (if any) he retained when he left Genzyme.

## PROCEDURAL HISTORY

This action began in state court on September 7, 2018.  (*See* Doc. 1.)  Genzyme filed a complaint against Mr. Dotter and filed an emergency motion to conduct expedited discovery to determine whether and to what extent Mr. Dotter was violating his non-compete agreement following his resignation from Genzyme.  (*See* Doc. 6.)  Mr. Dotter was served with the complaint and the motion, which attached Genzyme's proposed narrow expedited discovery requests as exhibits, on September 10, 2018.  *Id.*  A hearing on the motion was scheduled for September 13, 2018.  *Id.*  Mr. Dotter's counsel requested a postponement of that hearing to accommodate his schedule and when Genzyme assented, he used the intervening time to remove the case to this Court and moot the hearing date he requested.  *Id.*  Following removal, Genzyme moved this Court for a hearing on the motion for expedited discovery.  *Id.*  On September 17, 2018, the Court ordered defendant to confirm by September 20, 2018 whether Mr. Dotter was employed by Novartis or would be in the near future and, if the answer was affirmative,

permitted Genzyme to serve the proposed discovery on Mr. Dotter and Novartis with responses due 10 calendar days after service. Doc. 7. Mr. Dotter confirmed his employment at Novartis on September 19 and Genzyme served the discovery the next day. (*See* Def.'s Mem, Doc. 9, at 3.) By the Court's order, responses are due October 1, 2018, nearly three weeks after Mr. Dotter first received the requests as exhibits to Genzyme's motion for expedited discovery.

The day after Genzyme served its requests, without seeking leave from the Court, defendant purported to serve discovery requests on Genzyme with a cover letter that said "[w]e hope and trust that Genzyme will agree to respond to the enclosed document requests and interrogatories on the same timeframe as the Court ordered with respect to Mr. Dotter's responses, to wit, ten (10) days form the date of service" and instructed Genzyme to provide any rational for a refusal to agree to this request. (Def.'s Mem, Doc. 9, at 3.) Absent from this letter was any justification from defendant why it needed expedited discovery generally or the information sought by these requests specifically. (See Def.'s Mem, at Ex. F.)

## ARGUMENT

Contrary to defendant's representation, Genzyme's objection to the request for preliminary discovery is not limited solely to the overbreadth of the requests, though Genzyme does object to that. Genzyme's primary objection is that defendant has not provided any justification for the expedited discovery he is asking the court to allow on an emergency basis. He waited nearly two weeks after receiving Genzyme's motion for expedited discovery to even ask for his own discovery. He makes reference to needing the information to oppose Genzyme's motion for preliminary injunction ignoring the fact that Genzyme is seeking discovery to determine whether a preliminary injunction is necessary or appropriate. And he does not explain why he needs information from Genzyme to defend any such motion. In a non-compete case, the

employee is the one entity who knows both what his old job entailed, what his new job entails, what overlap there might be and what information he has access to and makes use of in both positions.  Demanding much of this same information from Genzyme is merely a tactic to create delay and burden.

As to the overbreadth of the requests, defendant is incorrect to argue that Genzyme is sufficiently protected by its ability to object to the individual requests.  Genzyme's intention in seeking expedited discovery is to quickly determine whether and to what extent Mr. Dotter is violating his non-competition agreement so that it can determine whether it is necessary to seek preliminary relief from this Court to prevent irreparable harm (or further irreparable harm).  Permitting defendant to propound unnecessary and overbroad requests that must be then objected to, discussed between the parties, briefed and ruled on by the Court will only thwart the purpose of the expedited discovery this Court granted to Genzyme and delay Genzyme's ability to seek any necessary preliminary relief.  Moreover, some requests might not be objectionable in full merits discovery but are not appropriate for the expedited discovery contemplated here.  That is the issue before the Court on this motion and should be addressed now rather than delegated to individual objections to the substance of the requests which will only delay Genzyme's ability to seek any necessary relief.

The overbreadth of defendant's proposed requests is apparent from the face of the requests.  For instance, and purely by way of example, defendant's proposed requests attached to its motion seek:

- "All documents and communications concerning any terms or conditions of [Dotter's] employment by Genzyme," including "pre-employment communications," "offers for employment," "negotiations," and "any restrictive agreement between [Dotter] and any previous employer."

- "All documents and all communications concerning [Dotter's] duties and/or job responsibilities."

- "All communications to, from, or between" 26 custodians containing broad terms including "Thomas," "Tom," "Houston," "San Antonio," Texas," "noncompetition," and "noncompete."

- All emails "sent and received by [Dotter] during his employment with Genzyme."

- "All communications and all documents supporting, tending to support, refuting, or tending to refute any of the allegations in the Complaint."

These requests are not narrowly tailored to the issues that would be relevant to a preliminary injunction motion. They are objectionable for even full merits discovery. The Court should not permit defendant to serve these requests in the guise of expedited discovery.

WHEREFORE, Genzyme respectfully requests that the Court deny Defendant's Emergency Motion for Expedited Discovery and grant further relief that is just and proper.

    Respectfully Submitted,

    GENZYME CORPORATION,

    By its attorneys,

    /s/ Richard G. Baldwin
    James W. Bucking, BBO #558800
    Michael J. Licker BBO #678746
    Richard G. Baldwin BBO #670984
    FOLEY HOAG LLP
    155 Seaport Boulevard
    Boston, MA  02210
    Tel:  617-832-1000
    Fax:  617-832-7000
    jwb@foleyhoag.com
    mlicker@foleyhoag.com
    rbaldwin@foleyhoag.com

Dated:  September 27, 2018

## CERTIFICATE OF SERVICE

      I, Richard G. Baldwin, hereby certify that on this 27th day of September, 2018, the foregoing document, filed through the ECF system, was served electronically on the registered participants as identified on the notice of the electronic filing and will be served by U.S. mail, postage prepaid, to those indicated as non-registered participants.

                                        /s/ Richard G. Baldwin
                                        Richard G. Baldwin