UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENZYME CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS DOTTER,<br><br>Defendant. | CIVIL ACTION No. 18-cv-11940-RGS |

## **CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

This Confidentiality Agreement and Protective Order ("Protective Order") is entered into by Plaintiff Genzyme Corporation and Defendant Thomas Dotter (the "parties") in order to protect from disclosure what the parties deem to be confidential information. The Protective Order permits parties to designate documents and information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Documents and information so designated may only be disclosed or used as further provided herein. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed by and between the parties, through their respective counsel and subject to the approval of this Court, that this Protective Order be entered in this action.

STIPULATED, AGREED, AND ORDERED:

1. All documents or information produced by any party in discovery proceedings in the above-entitled action designated as "CONFIDENTIAL" shall be subject to the terms of this Protective Order and shall be used only for the purposes of the above-entitled civil action and not for any other litigation, or for any business or other purpose whatsoever, and shall not be

disseminated to any non-parties to this litigation, including without limitation Novartis Pharmaceuticals Corp.

2. Any party producing information (whether by document, by testimony, by interrogatory answer, or otherwise) in the course of discovery herein which relates to confidential or proprietary commercial, business, personal or financial information may designate such information "CONFIDENTIAL." Documents (and the contents thereof) and other information designated as "CONFIDENTIAL" shall be maintained in confidence solely for use in this civil action and such materials shall not be disclosed to any person except:

- (a) outside counsel representing the parties to this action, and employees of their respective firms;

- (b) parties to this action, including employees and in-house counsel;

- (c) the Court and its support personnel;

- (d) a deponent or witness who either (i) is an officer, director, partner, attorney, employee or agent of the producing party [producing party can show whatever it likes to its employees], or (ii) has signed a statement in the form of Exhibit A hereto stating that they have read this Stipulation and Order and agree to be bound by its terms;

- (e) consulting and testifying experts or other consultants retained to assist outside counsel of record for the purpose of assisting in the preparation for trial of this action and who have signed a statement in the form of Exhibit A hereto stating that they have read this Stipulation and Order and agree to be bound by its terms;

- (f) copying or imaging services, court reporters, videographers, non-technical consultants, graphics personnel, jury consultants and translators associated with or retained by a party in connection with this action; and

- (g) any other person as to whom the producing party agrees in writing, or as to whom a court order has been obtained prior to such disclosure.

3. Prior to disclosing any information designated as "CONFIDENTIAL" or any copies, excerpts or summaries thereof, or any of the information contained therein, to any person

specified in Paragraph 2 above other than the Court and its support personnel, counsel disclosing such information shall advise each such person of the provisions of this Stipulation and Protective Order and shall not disclose any information designated as "CONFIDENTIAL" to any person specified in Paragraph 2 above unless such person agrees (i) to be bound by the terms, conditions, and restrictions of this Stipulation and Order and (ii) to take all necessary precautions to prevent any disclosure of information so designated other than as authorized by this Stipulation and Order. Any person being given access to information designated "CONFIDENTIAL" pursuant to Paragraph 2(e), shall be provided with a copy of this Stipulation and Order and shall execute the Declaration annexed hereto as Exhibit A prior to being given access to such material.

4. Documents or answers to interrogatories shall be designated as "CONFIDENTIAL" by stamping or writing "CONFIDENTIAL" on the first page of, or upon the face of, the appropriate legend on the document or interrogatory answers in question at or before production. Where only portions of a document or interrogatory answer are claimed to be "CONFIDENTIAL," the producing party shall designate the parts of said materials for which "CONFIDENTIAL" treatment is claimed, and only those portions shall be subject to this Order.

5. "CONFIDENTIAL" information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of "CONFIDENTIAL" information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed "CONFIDENTIAL" information under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating "CONFIDENTIAL" information into machine readable form for incorporation into a

data retrieval system used in connection with this action, provided that access to "CONFIDENTIAL" information, in whatever form stored or reproduced, shall be limited to qualified recipients.

6. In the case of any deposition or any other pretrial testimony, counsel for any party may designate the content of such testimony (or any portion thereof), and any transcript, recording, or other memorial of such testimony as "CONFIDENTIAL" (i) by a making a statement to that effect, on the record, at or before the conclusion of the deposition or other pretrial testimony; or (ii) by giving written notice, sent to counsel for all Parties, within 10 days after the receipt of the transcript, recording, or other memorial of the deposition or other pretrial testimony. In either case, counsel or any party in possession of such testimony, including any transcript, recording, or other memorial thereof, shall direct the legend "CONFIDENTIAL" to be affixed thereto, and that such material be accorded the treatment appropriate to such designation as provided in this Stipulation and Protective Order. At any deposition or other pretrial testimony, counsel for a party whose "CONFIDENTIAL" information is utilized may request that all persons other than (a) court reporters, (b) outside counsel, and (c) individuals specified in Paragraph 2 above who are authorized to have access to such information, leave the room during the portion of the deposition concerning "CONFIDENTIAL" information. The failure of such other persons to comply with a request of this type shall permit counsel to instruct or advise the witness that he or she need not answer a question that seeks the revelation of "CONFIDENTIAL" information. Any transcript, recording, or other memorial of any deposition or other pretrial testimony not otherwise designated for confidential treatment as provided in the first sentence of this Paragraph 6 will be treated as though designated "CONFIDENTIAL" until the expiration of the 10 day period described in this Paragraph 6. The Parties may modify this procedure for any particular deposition or other pretrial

B4888135.1

testimony through agreement on the record at such deposition or other pretrial testimony, without further order of the Court.

7. Prior to any hearing or trial at which the use of "CONFIDENTIAL" documents or information is anticipated, the parties shall meet and confer regarding the use of "CONFIDENTIAL" documents or information. If the parties cannot agree, the parties shall promptly request the Court to rule on such procedures. Additionally, before a party makes any filing with the Court that will include submission to the Court of non-impounded CONFIDENTIAL documents or information ("Filing Party") designated as CONFIDENTIAL by any party other than the Filing Party, the Filing Party shall meet and confer with the designating party to allow the designating party to seek impoundment or other appropriate protection of the CONFIDENTIAL documents or information. Without written permission from the party designating the documents or information as CONFIDENTIAL or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any CONFIDENTIAL documents or information. Any "CONFIDENTIAL" documents or information, including deposition transcripts, to be filed with the Court shall be designated as CONFIDENTIAL and filed under seal according to the rules for the United States District Court for the District of Massachusetts. A party that seeks to file under seal any Protected Material must comply with this Court's Standing Procedural Civil Order re: Sealing Court Documents dated May 15, 2015.

8. This Protective Order is without prejudice to the right of any party to apply at any time to the Court, on proper notice to counsel for the other parties for an order as follows: (a) for permission to disclose information designated "CONFIDENTIAL" to persons other than those described in Paragraph 2 hereinabove; (b) for greater protection as to certain documents than

provided herein; or (c) to strike the "CONFIDENTIAL" designation. Designation of any documents or information as "CONFIDENTIAL" shall not create any presumption that the designated materials qualify for "confidential" treatment and shall not shift the burden of establishing entitlement to "confidential" treatment, which burden shall remain with the producing party. Until the Court rules on an appropriate application by a party challenging a "CONFIDENTIAL" designation, the documents and information in question shall not be disclosed by the receiving party to any persons other than those entitled to receive it under the designation that was made by the producing party.

9. Nothing in this Stipulation and Protective Order shall require production of information which the parties contend is protected from disclosure by the attorney-client privilege or other recognized privileges, including the work product doctrine. If information subject to a claim of privilege, or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, or work product immunity for such information. If a party has inadvertently produced to the other party information subject to a claim of privilege or immunity, the other party upon request shall promptly return the information for which a claim of inadvertent production is made. The party returning such information may then move the Court for an order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

10. In addition to designating documents and information "CONFIDENTIAL," a party may also designate documents or information "FOR ATTORNEYS' EYES ONLY" where that party concludes in good faith that the document or information (1) is so sensitive that its disclosure, even to an individual bound by the requirements of this Stipulation and Protective Order for

6

material designated as CONFIDENTIAL, would create a risk of harm or injury to an individual or to the competitive position of the producing party; (2) is not publicly available; and (3) has undertaken to maintain in confidence. Documents and information so designated may be disclosed only to:

      (a)    the parties' attorneys, including any associates and staff;

      (b)    copying or imaging services, court reporters, videographers, non-technical consultants, graphics personnel, jury consultants and translators associated with or retained by a party in connection with this action;

      (c)    consulting and testifying experts or other consultants retained to assist outside counsel of record for the purpose of assisting in the preparation for trial of this action and who have signed a statement in the form of Exhibit A hereto stating that they have read this Stipulation and Order and agree to be bound by its terms;

      (d)    employees or former employees of the producing party noticed for a deposition for purposes of examination; and

      (e)    the Court and its support personnel.

Any documents and information so designated shall not be disclosed to the parties (other than to in-house counsel), including any and all directors, officers, employees, agents, outside consultants and representatives of the respective parties.

11. Except as modified by subsequent court order pursuant to an application filed under paragraph 21 below, all of the provisions of this Order applicable to documents and information designated "CONFIDENTIAL" shall apply to documents designated both "CONFIDENTIAL and "FOR ATTORNEYS' EYES ONLY", including but not limited to the provisions relating to filing under seal (paragraph 7), designation of documents and deposition transcripts (paragraph 6), exclusion of certain persons from the room during a deposition (paragraph 6), objections to the propriety of the designation of specific material (paragraph 8), and requirements for signing acknowledgment (paragraph 2). Any party may seek to redesignate any material in connection

B4888135.1

with a "FOR ATTORNEYS' EYES ONLY" designation as provided for herein in connection with the redesignation of a "CONFIDENTIAL" designation. For purposes of any deposition or other pretrial testimony, counsel for a party whose "ATTORNEYS' EYES ONLY" information is utilized may request that all persons other than court reporters and outside and in-house counsel leave the room during the portion of the deposition concerning "ATTORNEYS' EYES ONLY" information. The failure of such other persons to comply with a request of this type shall permit counsel to instruct or advise the witness that he or she need not answer a question that seeks the revelation of "ATTORNEYS' EYES ONLY" information.

12. At any time while this Stipulation and Protective Order is in effect, a producing party may notify the other parties that documents that should have been designated "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" under the terms of this Order were inadvertently produced without being designated as such. Upon receiving such notice from the producing party, the party receiving such notice shall immediately treat the document as if it has been so designated and shall place the appropriate designation on the document within two (2) business days of receipt of such notice. Also within two (2) business days of receipt of such notice, the receiving party must provide the producing party with a list of all persons, except for persons designated in Paragraph 2 of this Order, as applicable who, to the best of the receiving party's attorneys' knowledge or recollection, have seen, had access to, or learned the contents of, such documents. No party shall be held in breach of this Order if, before receipt of such notice, any documents inadvertently produced without being designated as "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" were disclosed to any person(s) not authorized to receive "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" material under this Order, or were used in a manner inconsistent with this Order.

13. Inadvertent or unintentional production of documents or information containing "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" information which are not designated "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" shall not be deemed a waiver in whole or in part of a claim for protection. With respect to documents, the producing party shall immediately notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend. In the event of any unintentional or inadvertent disclosure of "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" information other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" information in any form. Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

14. This Protective Order shall be binding as between the parties upon execution by the parties and will be binding on the parties prior to the time the Court enters this as a Court Order.

15. The provisions of this Order shall, absent written permission of the producing party or further order of the Court, continue to be binding after the conclusion of the above-entitled action.

16. Within ten (10) days of the conclusion of this action, including all appeals, all documents designated as "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" and all copies thereof, shall be promptly returned to the producing party, including, but not limited to, all

B4888135.1

documents produced by and/or deposition testimony given by the parties and the party returning said documents shall certify in writing compliance. In the alternative, counsel for the parties will certify in writing that such documents have been destroyed. Notwithstanding the foregoing, counsel of record for the parties may maintain work product and dockets that may contain CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY documents or information.

17. Any non-party producing information (whether by document, by testimony, by interrogatory answer, or otherwise) in the course of discovery herein may, by executing a copy of this Protective Order, thereby agree to be bound by, and thereby become entitled to designate such information as "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" pursuant to, the terms and conditions of this Protective Order.

18. Nothing contained herein shall affect the rights of any party with respect to (a) its own documents, or (b) information known to such party prior to disclosure by another party, or (c) documents or information that is public knowledge and known to such party prior to its receipt of such document or information, or (d) documents or information that has been or is developed or acquired by such party independently of discovery in this action; <u>provided</u> <u>however</u>, that (x) the categories set forth in the preceding clause of this paragraph shall not include any document or information which was created or obtained as a result of a violation of this or any other confidentiality order; and (y) the party asserting that a document or information falls within any of the categories set forth in the preceding clause of this paragraph shall bear the burden of demonstrating that such document or information was in the possession of, or known to, the party prior to its receipt of such document or information from the producing party.

19. If at any time documents or information designated as "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" are subpoenaed by any court, arbitral, administrative or

B4888135.1

legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents or information and to its counsel and shall provide each such party with an opportunity to object to the production of such documents or information. If a producing party does not take steps to prevent disclosure of such documents within ten (10) days of the date written notice is given, or the date set forth in the subpoena for production, whichever is sooner, the party to whom the referenced subpoena is directed may produce such documents in response thereto.

20. In connection with any document production in this action, counsel for each non-producing party shall be afforded reasonable opportunity to review those documents whose production has been called for and to designate, within ten (10) days after copies of such documents are made and delivered to counsel for such party, any documents or portions of documents as "CONFIDENTIAL" pursuant to the applicable terms of this Protective Order. Such designation shall be made either in a manner agreed upon by counsel or in such manner as is reasonable under the circumstances (e.g., by identifying the Bates numbers of the designated documents or by stamping the appropriate legend on copies of the designated documents and delivering the copies to opposing counsel).

21. Upon the designation as "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" of any documents, any non-designating party shall have the right to challenge the designation of such information as "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" pursuant to the applicable provisions of this stipulation and order.

22. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.

B4888135.1

23. The United States District Court for the District of Massachusetts is responsible for the interpretation and enforcement of this Protective Order. After termination of this litigation, the provisions of this Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" information for enforcement of the provision of this Protective Order following termination of this litigation. All disputes concerning "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" information produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of Massachusetts.

B4888135.1

STIPULATED AND AGREED TO BY:

| **GENZYME CORPORATION,** | **THOMAS DOTTER,** |
|---|---|
| By its attorneys, | By his attorneys, |

_____     _____
James W. Bucking (BBO No. 558800)    C. Max Perlman (BBO No. 630395)
jbucking@foleyhoag.com               max@hrwlawyers.com
Michael J. Licker (BBO No. 678746)   Elizabeth E. Monnin-Browder (BBO No. 679005)
mlicker@foleyhoag.com                emonnin-browder@hrwlawyers.com
FOLEY HOAG LLP                       HIRSCH ROBERTS WEINSTEIN LLP
155 Seaport Boulevard                24 Federal Street, 12th Floor
Boston, MA 02210                     Boston, MA 02110
Tel: (617) 832-1000                  Tel: (617) 348-4300
Fax: (617) 832-7000

SO ORDERED BY THE COURT
 */s/ Richard G. Stearns*                 10/11/2018
_____        _____
Hon. Richard G. Stearns                    Dated

13

B4888135.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GENZYME CORPORATION,

    Plaintiff,

    v.

THOMAS DOTTER,

    Defendant.

CIVIL ACTION No. 18-cv-11940-RGS

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

    I, _____, hereby certify under the pains and penalties of perjury that I have received a copy of, read, and reviewed the Protective Order in this action, and that I agree to be bound by it and its terms. I further agree that I shall not disclose to others, except in accordance with the Protective Order, any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" materials that I may receive or be given access to, and that such information or documents shall be used only for the purposes of this legal proceeding. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this legal proceeding. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of this Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court, for such failure. I further agree to the exercise of personal jurisdiction over me by this Court with respect to the enforcement of this agreement.

    I state under penalties of perjury under the laws of the Commonwealth of Massachusetts that the foregoing is true and correct.

Executed on the \_\_\_\_ day of _____, _____.

By: _____

Address: _____

_____