UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENZYME CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS DOTTER,<br><br>    Defendant. | CIVIL ACTION No. 18-cv-11940-RGS |

**PLAINTIFF'S OPPOSTION TO MOTION TO WITHDRAW APPEARANCE AS COUNSEL FOR DEFENDANT**

On the evening of Friday October 12, 2018 (at approximately 7 p.m.), counsel for Defendant Thomas Dotter ("Dotter"), on the eve of Mr. Dotter's scheduled deposition and in the midst of expedited discovery, informed counsel for Plaintiff Genzyme Corporation ("Genzyme") that his firm had been terminated by Mr. Dotter. Counsel then informed Genzyme the next morning (Saturday, October 13) that Mr. Dotter would not be appearing for his deposition on Monday, October 15 and that successor counsel would contact Genzyme at some point during the following week. This sudden development came more than a week after the parties agreed to an expedited deposition schedule. This apparent attempt by Mr. Dotter to evade his discovery responsibilities should not be permitted, particularly at this stage of the case with court-ordered expedited discovery pending. Genzyme thus opposes the withdrawal of Mr. Dotter's counsel until successor counsel appears on his behalf.

**PROCEDURAL HISTORY**

As the Court is aware, this is not the first time that Mr. Dotter or his counsel has attempted to thwart Genzyme's efforts at obtaining expedited discovery. On September 7, 2018, Genzyme filed a complaint in Massachusetts Superior Court against Mr. Dotter and filed an

1

emergency motion to conduct expedited discovery to determine whether and to what extent Mr. Dotter was violating his non-compete agreement following his resignation from Genzyme. (*See* Doc. 6.) A hearing on that motion was scheduled for September 13, 2018 in Middlesex Superior Court. Mr. Dotter's counsel requested a continuance of the hearing to the following week to accommodate his schedule and Genzyme agreed, moving the hearing to September 17, 2018. *Id*. Mr. Dotter used this additional time to remove the case to this Court, resulting in the postponement of the hearing. *Id*. Genzyme then moved this Court for a hearing on that motion. *Id*. On September 17, 2018, the Court ordered defendant to confirm by September 20, 2018 whether Mr. Dotter was employed by Novartis or would be in the near future and, if the answer was affirmative, permitted Genzyme to serve the proposed discovery, which included one set of document requests and interrogatories and a deposition notice on Mr. Dotter and a document and deposition subpoena on Novartis, with responses due 10 calendar days after service. (Doc. 7.)

Now, once again, Mr. Dotter appears to be taking advantage of a postponement granted by Genzyme for his strategic advantage. On October 2, 2018, Genzyme served a deposition notice for October 9, 2018 in San Antonio, Texas (where Mr. Dotter resides) on Mr. Dotter. Mr. Dotter subsequently objected, contending that his counsel was not available any day that week and that the Court's order permitting Genzyme's discovery did not permit a deposition. On October 5, 2018, the parties reached an agreed deposition schedule. Mr. Dotter's deposition was scheduled for October 15 (in Boston by agreement), Novartis' 30(b)(6) deposition for October 18 and Genzyme agreed (without Mr. Dotter even moving the court for an expedited deposition) to make a 30(b)(6) representative available on October 23. On October 10, 2018, Genzyme formally served its deposition notice on Mr. Dotter.

On Friday, October 12, 2018 at approximately 6:30 p.m., Mr. Dotter's counsel left a voice mail and sent an email to Genzyme's counsel asking to speak.  At approximately 7:30 p.m., Mr. Dotter's counsel sent a follow-up email informing Genzyme that his firm had been terminated.  In response to a question from Genzyme's counsel regarding Mr. Dotter's intentions with respect to his deposition, Mr. Dotter's counsel replied Saturday morning that Mr. Dotter did not intend to appear and that Mr. Dotter would ensure that his new counsel reaches out to Genzyme's counsel in the coming week.

## ARGUMENT

Mr. Dotter's last-second attempt to avoid his deposition through terminating his counsel should not be permitted.  The parties are in the midst of expedited discovery and permitting Mr. Dotter's counsel to withdraw without an appearance of successor counsel would prejudice Genzyme's efforts to quickly obtain discovery so that it can proceed with its motion for preliminary relief.  While Mr. Dotter has produced documents and served interrogatory responses pursuant to the Court's expedited discovery order, he has not completed his document production and also agreed to supplement at least one of his interrogatory responses.  Moreover, he agreed to a deposition date, and now is attempting to use the termination of his counsel less than 24 business hours before the start of the deposition to shirk his responsibilities.  Based on all of this, Mr. Dotter's counsel has not presented "good cause" to withdraw, *see* Local Rule 83.5.2(c)(2), without the appointment of successor counsel.

WHEREFORE, Genzyme respectfully requests that the Court deny the Motion to Withdraw as Counsel and grant further relief that is just and proper.

Respectfully Submitted,

GENZYME CORPORATION,

By its attorneys,

/s/ Michael J. Licker
James W. Bucking, BBO #558800
Michael J. Licker BBO #678746
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210
Tel:  617-832-1000
Fax:  617-832-7000
jwb@foleyhoag.com
mlicker@foleyhoag.com

Dated:  October 15, 2018

**CERTIFICATE OF SERVICE**

    I, Michael J. Licker, hereby certify that on this 15th day of October, 2018, the foregoing document, filed through the ECF system, was served electronically on the registered participants as identified on the notice of the electronic filing and will be served by U.S. mail, postage prepaid, to those indicated as non-registered participants.

                                                /s/ Michael J. Licker
                                                Michael J. Licker